■ MITCHELL'S MARINA, INC., et al., Appellants, v HARRY MITCHELL FAMILY CORP., Respondent. — In an action in the nature of ejectment to recover possession of real property from the defendant vendee in possession and for damages arising from the alleged breach of a contract of sale, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated July 21, 1981, which denied their motion for summary judgment upon their fourth cause of action and dismissed that cause of action. Order modified by deleting the provision dismissing plaintiffs' fourth cause of action. As so modified, order affirmed, without costs or disbursements. The defendant is the

vendee in possession of certain real property located in Greenport, Long Island, and improved by a restaurant, under a long-term contract of sale. The plaintiffs alleged that defendant committed several breaches of the contract of sale and sought its ejectment from the property, and damages. The fourth cause of action, asserted in plaintiffs' verified supplemental complaint which was served February 4, 1981, alleged that defendant breached the contract by failing to pay school taxes for the 1979-1980 tax year. Defendant paid those taxes on May 8, 1981. Plaintiffs did not move for summary judgment on their fourth cause of action until on or about May 26, 1981. Special Term properly denied summary judgment to plaintiffs on their fourth cause of action since the record presents triable issues of fact as to whether (1) plaintiffs waived the alleged breach by failing to move for that relief until after the taxes were paid and (2) the acceptance by plaintiffs of monthly payments due under the contract of sale, and the making of repairs and improvements to the property by defendant after the alleged default, with plaintiffs' knowledge, warrant the denial of relief to plaintiff on the grounds of equitable estoppel or laches. It follows that since issues of fact exist with respect to plaintiffs' fourth cause of action and the defenses thereto, Special Term erred by, in effect, searching the record and granting summary judgment to defendant dismissing that cause of action. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.